**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

## No. 18-6345

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SAMUEL HENRY VINCI, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Max O. Cogburn, Jr., District Judge. (5:15-cr-00041-RLV-DCK-1; 5:17-cv-00038-MOC)

Submitted: July 19, 2018               Decided: July 24, 2018

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Samuel Henry Vinci, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Henry Vinci, Jr., seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b)(6) motion seeking reconsideration of the court's order dismissing his 28 U.S.C. § 2255 (2012) motion. To the extent the district court treated Vinci's motion as attacking the substance of the court's resolution of Vinci's § 2255 motion, the district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Vinci has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal, in part.

Insofar as the district court construed Vinci's Rule 60(b) motion as a successive § 2255 motion and dismissed it on that basis, we affirm in part. *See United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015) (holding that a certificate of appealability is

2

not required before the court may address the district court's jurisdictional categorization of a "Rule 60(b) motion as an unauthorized successive habeas petition").

Additionally, we construe Vinci's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Vinci's claims do not satisfy either of these criteria. We therefore deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*